```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                              :
LANNY L. RIVERA
                              :
     v.                       : Civil Action No. DKC 2004-1117
                              :
HARLEY SCHWARZ, et al.
                              :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case alleging excessive force by two Montgomery County police officers is a motion for partial summary judgment by Montgomery County Police Officer Harley Schwarz, Montgomery County Police Officer Robert Skelton, Montgomery County, and the Montgomery County Police Department (collectively, "Defendants.") (Paper 24). The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the court will grant summary judgment in favor of the Montgomery County Police Department and Montgomery County on all counts; and will grant the motion by Officers Schwarz and Skelton for partial summary judgment.

I.  **Background**

Unless otherwise stated, the following facts are either uncontroverted or construed in the light most favorable to Plaintiff. On May 3, 2003, Plaintiff Lanny L. Rivera was returning to his home in Gaithersburg, Maryland, around 2:00 a.m., when he was stopped by Officer Schwarz in the area of Quince Orchard Road

in Gaithersburg. Plaintiff claims that he stopped at an intersection with a flashing red light, although Defendants contend that Plaintiff failed to do so, which resulted in a traffic stop by Officer Schwarz.

Plaintiff states that he pulled his car over in response to Officer Schwarz's emergency lights. Officer Schwarz approached Plaintiff's car, asked for Plaintiff's drivers license and registration, and informed Plaintiff that he had run a red light. Plaintiff denied running a red light.[1] Plaintiff claims Officer Schwarz became angry, and swung his flashlight through the car window, hitting Plaintiff several times in the arm. Officer Schwarz then unlocked Plaintiff's driver's side door, partially opened it, and beat Plaintiff with the flashlight. Plaintiff tried to close the door, hitting Officer Schwarz's leg with the door. Officer Schwarz then squirted pepper spray on Plaintiff's face, nose, and neck; in his mouth; and on his T-shirt and pants. Officer Schwarz also called for back-up support.

Plaintiff claims that when Officer Skelton arrived, Plaintiff yelled to him, "I'm glad you're here, this officer just hit me and just pepper-sprayed me." Officer Skelton opened the passenger side door, grabbed Plaintiff's right arm, twisted it, and tried to pull Plaintiff out of the car. Officer Schwarz came into the vehicle,

---

[1] Defendants claim that Plaintiff was agitated and angry and he refused to produce his license and registration.

hit Plaintiff again, and unbuckled Plaintiff's seatbelt. The officers pulled Plaintiff out of the vehicle, threw him onto the asphalt, and then kicked Plaintiff in his kidneys. Officer Schwarz dropped his knee onto Plaintiff's back, and the officers handcuffed him. Plaintiff also claims he was "slammed" around.

Plaintiff further contends that Officer Schwarz deliberately broke Plaintiff's sunglasses, rummaged through Plaintiff's wallet, and bent the corners of Plaintiff's credit cards so that he would not be able to use the cards to post bond. In addition, the officers broke a compact disc that was labeled "final exam," which Plaintiff needed for a college class, and they broke Plaintiff's computer mouse. Plaintiff further contends that Officer Schwarz, responding to a bumper sticker on Plaintiff's car, ridiculed Plaintiff and accused him of pretending to be religious.

Plaintiff states that he was taken to a police precinct and booked. No one read him his *Miranda* rights, he was not allowed to make a phone call, and he could not post bond because Officer Schwarz had bent his credit cards. Plaintiff claims he was illegally incarcerated for seventeen hours. As a result, he missed his Saturday morning college final examinations and was unable to complete his assignments.

Plaintiff was charged with assaulting a police officer, resisting arrest, failing to stop at a red light, failing to pull to the side of the road for a police vehicle, and failing to

3

produce a license and registration. During a trial October 6, 2003, Plaintiff was found guilty of the traffic offenses but not guilty of assaulting a police officer or resisting arrest.

Plaintiff filed his civil suit April 9, 2004, asserting the following Counts: (1) violation of 42 U.S.C. § 1983 based on deprivation of Plaintiff's First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights; (2) common-law battery; (3) common-law assault; and (4) common-law negligent and intentional infliction of emotional distress. In Count 5, Plaintiff seeks punitive damages.

Defendants have filed a motion for partial summary judgment. (Paper 24). With respect to all counts, Defendants state that the Montgomery County Police Department is not an entity that is subject to suit and should be dismissed from this case. On Count 1, Defendants make two arguments. First, Defendants state that the § 1983 claims against Montgomery County, which employs Officers Schwarz and Skelton, should be dismissed because there is no *respondeat superior* liability under § 1983. Second, Defendants assert that the First, Fifth, Eighth, and Fourteenth Amendments are not implicated, and therefore the court should grant summary judgment on that portion of Plaintiff's § 1983 claim for all Defendants. On Counts 2, 3, and 4, Defendants assert that Montgomery County is entitled to governmental immunity for police functions and therefore it is not liable for common-law tort claims. Defendants also state that summary judgment should be

4

granted on Count 4 in favor of all Defendants because Maryland law does not recognize the tort of negligent infliction of emotional distress, and Plaintiff does not provide sufficient evidence to prove all elements of intentional infliction of emotional distress. On Count 5, Defendants assert that a local government cannot be liable for punitive damages pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-303(c).

Plaintiff consents to the dismissal of the Montgomery County Police Department and Montgomery County on Counts 1 through 5. (Paper 27). With regard to the remaining Defendants (Officers Schwarz and Skelton), Plaintiff opposes Defendants' motion for summary judgment with respect to Count 1 involving the First, Fifth and Eighth Amendments.[2] He also opposes the motion for summary judgment on Count 4 (intentional infliction of emotional distress).[3]

---

[2] Plaintiff does not state whether he opposes dismissal of his § 1983 claim relating to the Fourteenth Amendment. Plaintiff cannot, however, pursue an excessive force claim based on the Fourteenth Amendment. *See Graham v. Connor*, 490 U.S. 386, 388 (1989)(holding that a claim of excessive force is analyzed under the Fourth Amendment and not the Fourteenth Amendment). The court will grant summary judgment on this claim.

[3] Maryland does not recognize the tort of negligent infliction of emotional distress. *See Hamilton v. Ford Motor Credit Co.*, 66 Md.App. 46, 61 (1986), *cert. denied*, 306 Md. 118 (1986). Plaintiff appears to concede that the claim of negligent infliction of emotional distress is not a recognized tort in Maryland because he focuses his argument on intentional infliction of emotional distress. The court will grant summary judgment on the claim of negligent infliction of emotional distress.

**II.   Standard of Review**

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1987).  The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential

element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324.  However, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir.), *cert. denied*, 522 U.S. 810 (1997).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

The inquiry involved on a summary judgment motion "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."  *Anderson*, 477 U.S. at 252. Where the movant also bears the burden of proof on the claims at trial, it "must do more than put the issue into genuine doubt; indeed, [it] must remove genuine doubt from the issue altogether." *Hoover Color Corp. v. Bayer Corp.*, 199 F.3d 160, 164 (4th Cir. 1999) (internal quotation marks omitted), *cert. denied*, 530 U.S. 1204 (2000); *see also Proctor v. Prince George's Hosp. Ctr.*, 32 F.Supp.2d 820, 822 (D.Md. 1998) (evidentiary showing by movant

"must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party") (internal quotation marks and italics omitted).  Summary judgment will not be appropriate unless the movant's evidence supporting the motion "demonstrate[s] an absence of a genuine dispute as to every fact material to each element of the movant's claim and the non-movant's response fails to raise a genuine issue of material fact as to any one element."  *McIntyre v. Robinson*, 126 F.Supp.2d 394, 400 (D.Md. 2000) (internal citations omitted).

**III. Analysis**

The court's analysis will consider the portions of Defendants' motion for partial summary judgment that are in dispute: Plaintiff's § 1983 claims relating to the First, Fifth, and Eighth Amendments against Officers Schwarz and Skelton (Count 1), and Plaintiff's claim of intentional infliction of emotional distress against Officers Schwarz and Skelton (Count 4).

**A.   § 1983 Claims - First, Fifth and Eighth Amendments**

Officers Schwarz and Skelton argue that, in essence, Plaintiff has brought an excessive force claim, and they are entitled to summary judgment on Plaintiff's claim as it relates to the First, Fifth, and Eighth Amendments because these constitutional claims have no applicability to Plaintiff's excessive force claim.

8

**1. First Amendment**

Officers Schwarz and Skelton assert that there has been no violation of Plaintiff's First Amendment rights. Without citing cases or evidence, Plaintiff responds that the First Amendment involves the right to protest illegal government action "as practiced by the defendant police officers," and therefore the First Amendment has been implicated. (Paper 27, at 1).

As a threshold matter, Plaintiff does not specify what he said or did to protest the officers' actions, what government action he was protesting (i.e., whether he was protesting the officers' use of excessive force, the decision to stop his car, or his arrest), or what actions the officers took in response to his protests. At best, Plaintiff appears to claim that the officers retaliated against him for protesting their actions. The elements of a First Amendment § 1983 retaliation claim are: (1) "the plaintiff must demonstrate that his or her speech was protected;" (2) "the plaintiff must demonstrate that the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech;" and (3) "the plaintiff must demonstrate that a causal relationship exists between its speech and the defendant's retaliatory action." *Suarez Corp. Industries v. McGraw*, 202 F.3d 676, 685-86 (4th Cir. 2000). Assuming that Plaintiff's protests qualify as protected speech, Plaintiff has presented no evidence that a causal connection exists between his protests and any of the

9

officers' actions.  More specifically, there is no evidence whatsoever that his protests had any effect on the officers, for instance that they hit him harder or that they had stopped the alleged abuse and resumed after his protests.  Thus, Plaintiff has produced no evidence to support his First Amendment claim.

**2. Fifth Amendment**

Plaintiff asserts that his Fifth Amendment rights were violated because the amendment "involves his rights under the Due Process and Equal Protection Clauses of the Constitution." (Paper 27, at 1).  Because Officers Schwarz and Skelton are state actors, rather than federal actors, Plaintiff cannot invoke the Fifth Amendment.  *See Winfield v. Bass*, 106 F.3d 525, 530-31 n.2 (4th Cir. 1997); *Solis v. Prince George's County*, 153 F.Supp.2d 793, 803 (D.Md. 2001).

**3. Eighth Amendment**

Plaintiff asserts that Defendants violated his Eighth Amendment rights because the amendment protects him against cruel and unusual punishment.  The Eighth Amendment is not implicated until after conviction.  *See Graham v. Connor*, 490 U.S. 386, 396 n.10 (1989)("After conviction, the Eighth Amendment 'serves as the primary source of substantive protection . . . in cases . . . where the deliberate use of force is challenged as excessive and unjustified.'" (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977)("Eighth

10

Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Plaintiff's claim addresses alleged abuses at the time of his detainment, therefore the Eighth Amendment is inapplicable.

Because Plaintiff has failed to present evidence that would implicate his First, Fifth, and Eighth Amendment rights, the court will grant the motion of Officers Schwarz and Skelton for summary judgment on Plaintiff's § 1983 claim as it relates to those amendments.

**B. Intentional Infliction of Emotional Distress**

Officers Schwarz and Skelton contend that they are entitled to summary judgment on Count 4 because Plaintiff does not provide sufficient evidence to satisfy all elements of the tort. Plaintiff asserts that there is a material fact in dispute with respect to Plaintiff's allegation of abuse, and that he has evidence that he suffered physical and psychological injuries.

The elements of a claim for intentional infliction of emotional distress under Maryland law are: "(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress [and]; (4) The emotional distress must be severe." *Harris v. Jones*, 281 Md. 560, 566 (1977). For the distress to be severe, the plaintiff must

11

"show that he suffered a severely disabling emotional response to the defendant's conduct," *id.* at 570, and that the distress was so severe that "no reasonable man could be expected to endure it," *id.* at 571.  The *Harris* court cited with approval a California case that defined severe emotional distress as "emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Id.* at 572 (quoting *Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal.App.3d 376, 397 (1970)).

To survive Officer Schwarz's and Skelton's motion for summary judgment on this count, Plaintiff must, at a minimum, present evidence to show that he suffered severe emotional distress.  He has failed to do so.  The only evidence Plaintiff has provided to the court is the trial record, in which Plaintiff stated briefly that he went to the doctor after he was released from police custody.  (Paper 28, at 149).  However, Plaintiff has presented no evidence that he could not continue his normal life activities or that he sought professional treatment for any alleged distress. *See Thacker v. City of Hyattsville*, 135 Md.App. 268, 315-16 (2000), *cert. denied*, *Hyattsville v. Thacker*, 363 Md. 206 (2001).  Because Plaintiff has the responsibility to rebut the officers' motion for summary judgment with an affidavit or other similar evidence to show there is a genuine issue for trial, and he has failed to do

so, the court will grant the motion for summary judgment on Count 4.

## IV. Conclusion

For the foregoing reasons, the court will grant the motion to for summary judgment in favor of the Montgomery County Police Department and Montgomery County on all counts.  The court also will grant the motion by the remaining Defendants, Officers Schwarz and Skelton, for summary judgment on Count 1 (§ 1983) as the count relates to the First, Fifth, Eighth, and Fourteenth Amendments, and will grant their motion for summary judgment on Count 4 (negligent and intentional infliction of emotional distress).  A separate Order will follow.

                                      /s/
                              DEBORAH K. CHASANOW
                              United States District Judge